William L. Ghiorso
495 State Street, Ste. 500
Salem, OR 97301
Ph: (503) 362-8966
Fax: (503) 362-1158
Oregon State Bar #902706
E-mail: ghiorsolawfirm@hotmail.com
Attorney for Plaintiff Darlene Hernandez

IN THE UNITED STATES FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARLENE HERNANDEZ, Conservator for JOSE ANGEL RAFAEL HERNANDEZ II, <br><br> Plaintiff, <br><br> v. <br><br> MARION COUNTY, a political subdivision of the State of Oregon, MARION COUNTY SHERIFF'S OFFICE, as a Department of Marion County, MARION COUNTY JAIL, a correctional facility controlled by the Marion County Sheriff's Department, JASON MEYERS, in his capacity as Marion County Sheriff, SHEILA LAWERENCE, in her capacity as administrator of Marion County correctional institutions, SERGEANT HENKIL, an individual, and DOES 1-3, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND NEGLIGENCE <br><br> DEMAND FOR JURY TRIAL |

**JURY DEMAND**

Plaintiff demands a jury trial.

Page 1 – COMPLAINT

### INTRODUCTION

1. COMES NOW, Plaintiff Darlene Hernandez, Conservator for Jose Angel Rafael Hernandez II (hereinafter "Jose") and brings this action for compensatory and punitive relief pursuant to 42 U.S.C. § 1983, resulting from deprivation of rights under the Eighth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also asserts a claim against defendants under the Oregon Tort Claims Act, ORS 30.260 *et seq.*

### JURISDICTION

2. This court has jurisdiction over these claims pursuant to Article III, § 1 of the United States Constitution and 28 U.S.C. § 1331 and 1343, and the Civil Rights Act, 42 U.S.C. § 1983.

3. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under the laws of the State of Oregon pursuant to 28 U.S.C. § 1367.

### VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5. Plaintiff Darlene Hernandez is a resident of Marion County. Ms. Hernandez is the Conservator for Jose duly appointed by the Marion County Circuit Court in May 2015.

6. Defendant Marion County is a political subdivision of the State of Oregon.

7. Defendant Marion County Sheriff's Office is a department of Marion County.

8. Defendant Marion County Jail is a correctional institution operated by the Marion County Sheriff's Office.

Page 2 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

9. Defendants Marion County, Marion County Sheriff's Office, and Marion County Jail are hereinafter referred to as "County Defendants" and "Marion County Defendants."

10. Upon information and belief, Jason Meyers ("Sheriff Meyers") was at all times material to this Complaint, the Sheriff of Marion County. He is sued in his official capacity. The actions of Sheriff Meyers alleged in this Complaint were taken acting under color of law.

11. Upon information and belief, Shelia Lawrence ("Commander Lawrence") was at all times material to this Complaint, the commander of the institutional division of Marion County Sheriff's Office and administrator of Marion County Jail. She is sued in her official capacity. The actions of Commander Lawrence alleged in this Complaint were taken acting under color of law.

12. Upon information and belief, Sergeant Henkil ("Sergeant Henkil") was at all times material to this Complaint, a corrections officer at the Marion County Jail. He is sued in his individual and official capacity. The actions of Sergeant Henkil were taken under color of law.

13. In the matter alleged herein, Does (1 through 3) are fictitious names of unknown individual agents of Marion County Defendants, including but not limited to the employees whose specific identities are not known at this time, acted as agent(s) and employee(s) of County Defendants. All acts and statements attributable to Does 1 through 3 were undertaken in the course and scope of their employment and agency relationship with Marion County Defendants, and were sanctioned, ratified or adopted by Marion County Defendants as part of Does 1 through 3's actual, apparent and/or implied authority.

Page 3 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. On or about December 13, 2012, Jose Angel Rafael Hernandez II ("Jose") was sentenced by the Marion County Circuit Court to sixty months probation for delivery of a controlled substance to a Minor and Ordered to complete a drug treatment program.

15. On or about April 2013, Jose was admitted to Lifeline Connection Substance Abuse and Mental Health Treatment, a drug treatment facility in Vancouver, Washington, for treatment of addiction to heroin and suicidal thoughts. Shortly after Jose's admission to the treatment facility, Jose's physicians informed plaintiff, Jose's mother, that he was suicidal. Plaintiff then informed Jose's probation officer that Jose was in a treatment facility and that he was suicidal.

16. On or about May 13, 2013, Jose was released from the drug treatment facility and returned to Marion County, whereupon he took up residence with his parents.

17. On or about June 30, 2013, a Marion County Sheriff's Deputy arrived at the home of Jose's parents. The deputy informed Jose's parents that the Sheriff's department had received credible information that Jose may attempt to commit suicide and the deputy had been dispatched to check on his well being.

18. On or about July 3, 2013, a Marion County Sheriff's Deputy Jason Bernards once arrived at the home of Jose's parents. The deputy wanted to interview Jose in connection to an investigation the deputy was performing. While speaking to Jose's father, Deputy Bernards informed him that the Sheriff Department's information showed Jose was suicidal and asked Jose's father to confirm that information.

Page 4 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

19. On or about August 14, 2013, Marion County Sheriff's Deputies responded to the Lancaster Mall after receiving reports that a female, walking with a male, appeared to be having a medical problem or was highly intoxicated.

20. When deputies arrived at Lancaster Mall, the young female was identified as Emily Rasmussen, and the male was identified as Jose.

21. After being stopped by deputies Ms. Rasmussen told deputies that she had taken heroin before being dropped off at the mall with Jose. Following this admission the responding deputies asked Jose if they could search Jose's backpack. During the search the deputies found a knife and syringes but no drugs.

22. Jose was arrested for violating his probation by being with Ms. Rasmussen, and for being a felon in possession of weapon. Jose was taken to the Marion County Jail.

23. Upon arriving at the Marion County Jail, Jose was booked into the jail. Despite the Marion County Sheriff Office's knowledge of Jose's suicidal tendencies, Jose was placed in a solitary cell and was not placed on suicide watch.

24. On or about August 17, 2013, Jose was found hanging by his neck in his cell by a bed sheet tied to an overhead air-vent.

25. Jose was taken to Salem Hospital for immediate medical attention. Upon his arrival at the hospital a nurse asked Sergeant Henkil if the hospital could notify Jose's family of his arrival. Sergeant Henkil denied this request. Several hours after Jose arrived at Salem Hospital; the Marion County Jail released Jose, and recalled Sergeant Henkil. Jose's family still had not been notified.

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

26.   On or about 10:00 PM, on August 17, 2013, Jose's family was notified that he was in the hospital after a social worker for the hospital found a phone number for Jose's grandparents.

**FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES VIOLATION OF CONSTITUTIONAL RIGHTS**
**COUNT 1**
**(42 U.S.C. 1983, Marion County Defendants, Sheriff Meyers, and Commander Lawrence)**

27.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as if set forth herein verbatim.

28.   Marion County operates the Marion County Jail through the Marion County Sheriff's Office and, pursuant to ORS 169.030, and must adhere to the Standards for Local Correctional facilities contained in ORS 169.076.

29.   Sheriff Meyers, and Commander Lawrence are the policy makers with regard to the Jail and at in that capacity on behalf of the Marion County Commissioners.

30.   At all times material to this Complaint, Sheriff Meyers and Commander Lawrence were responsible for the care and management of the prisoners confined in the Jail and for establishing and implementing appropriate standards, policies, procedures, customs, and practices designed to recognize and protect mentally ill and suicidal prisoners and detainees.

31.   At all time material to this Complaint, it was the custom, practice and policy of the County Defendants and Sheriff Meyers, and Commander Lawrence to operate the Jail without adequate mental health services.

/ / /

/ / /

Page 6 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

1  32. At all times to this Complaint, it was the custom, practice, and policy of the County Defendants, Sheriff Meyers, and Commander Lawrence to operate the Jail overcapacity, preventing proper oversight of inmates at risk of suicide.

33. At all times material to this Complaint, the County Defendants, Sheriff Meyers, and Commander Lawrence failed to comply with State and County standards, policies and procedures, customs and practices mandated by law.

34. At all times material to this Complaint, the County Defendants, Sheriff Meyers, and Commander Lawrence operated the Jail under customs and practices in a manner that exhibited deliberate indifference to Jose's Constitutional rights guaranteed under the 8th Amendment, and to the substantial risk of Jose's suicide.

35. As a direct result of this deliberate indifference, Jose was injured.

36. The County Defendants, Sheriff Meyers, and Commander Lawrence violated Jose's Constitutional rights and such violations proximately caused by Jose to be injured.

WHEREFORE, Plaintiff seeks judgment against the Marion County Defendants, Sheriff Meyers, and Commander Lawrence jointly and severally, for an amount which is just and reasonable in the premises, together with interest, costs and attorney fees.

## COUNT II
### (42 U.S.C. 1983, Henkil and Does 1-3)

37. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 36 above as if set forth herein verbatim.

/ / /

/ / /

Page 7 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

38. Between Jose's intake at the Marion County Jail on August 14, 2013, and Jose's attempted suicide on August 17, 2013, Sergeant Henkil and corrections officers Does 1-3 observed Jose's condition.

39. Sergeant Henkil and corrections officers Does 1-3 had actual knowledge of Jose's substantial risk of suicide.

40. Sergeant Henkil and corrections officers Does 1-3 did not place Jose on suicide watch.

41. Sergeant Henkil and corrections officers Does 1-3 did not place Jose in a suicide prevention cell.

42. Sergeant Henkil and corrections officers Does 1-3 did not place Jose in a suicide smock.

43. Sergeant Henkil and corrections officers Does 1-3 did not remove Jose's possessions.

44. Sergeant Henkil and corrections officers Does 1-3 did not make a mental health referral for Jose.

45. Despite actual knowledge of Jose's substantial risk for suicide, Sergeant Henkil and corrections officers Does 1-3 failed to provide a reasonable response to this risk by not placing Jose on suicide watch.

46. Despite actual knowledge of Jose's substantial risk for suicide, Sergeant Henkil and corrections officers Does 1-3 failed to provide a reasonable response to this risk by not placing Jose in a suicide prevention cell.

Page 8 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

47. Despite actual knowledge of Jose's substantial risk for suicide, Sergeant Henkil and corrections officers Does 1-3 failed to provide a reasonable response to this risk by not placing Jose in a suicide smock.

48. Despite actual knowledge of Jose's substantial risk for suicide, Sergeant Henkil and corrections officers Does 1-3 failed to provide a reasonable response to this risk by not removing Jose's possessions.

49. Despite actual knowledge of Jose's substantial risk for suicide, Sergeant Henkil and corrections officers Does 1-3 failed to provide a reasonable response to this risk by not making a mental health referral for Jose.

50. The actions of Sergeant Henkil and corrections officers Does 1-3 in light of their knowledge of Jose's substantial risk of suicide constitute deliberate indifference to Jose's Constitutional rights guaranteed under the 8th Amendment, and to Jose's substantial risk of suicide.

51. As a direct result of this deliberate indifference, Jose was injured.

52. Sergeant Henkil and corrections officers Does 1-3 violated Jose's Constitutional rights guaranteed under the 8th Amendment and such violations proximately caused Jose to be injured.

WHEREFORE, Plaintiff seeks judgment against Sergeant Henkil and corrections officers Does 1-3 jointly and severally, for an amount which is just and reasonable in the premises, together with interest, costs and attorney fees.

/ / /

/ / /

Page 9 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

# FOR A SECOND CAUSE OF ACTION, PLANTIFF ALLEGES NEGLIGENCE

53. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 52 above as if set forth herein verbatim.

54. Pursuant to ORS 30.275, plaintiff provided a Tort Claim notice to defendants within 180 days after Jose's attempted suicide. Plaintiff sent the notice by certified mail to Gloria M. Roy, Marion County Counsel, and Jason Myers, Sheriff for Marion County.

55. Upon Jose's arrest defendants had a duty of reasonable care for Jose while Jose remained in their custody.

56. Defendants breached their duty of reasonable care by failing to provide Jose with mental health services in compliance with Department of Corrections and County standards, policies and procedures, customs and practices.

57. Defendants breached their duty of care and were negligent by failing to provide Jose with mandated services.

58. Defendants' failure to place Jose on suicide watch proximately caused Jose to be injured.

59. Defendants' failure to place Jose in a suicide prevention cell proximately caused Jose to be injured.

60. Defendants' failure to place Jose in a suicide smock proximately caused Jose to be injured.

61. Defendants' failure to remove Jose's possessions proximately caused Jose to be injured.

Page 10 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158

1  62. Defendants' failure to provide Jose with a mental health referral proximately caused
2  Jose to be injured.
3  63. Plaintiff's claim for damages for the injuries sustained by Jose is available under the
4  Oregon Tort Claims Act, ORS 30.260, *et seq.*
5  WHEREFORE, Plaintiff seeks judgment against Defendants, jointly and severally, for an
6  amount which is just and reasonable in the premises, together with interest, costs and attorney fees.
7  DATED this  16th  day of June 2015.

Respectfully submitted,

/s/ William L. Ghiorso
William L. Ghiorso, OSB#902706
Attorney at Law
495 State Street, Suite 500
Salem, OR 97301
Phone: (503) 362-8966
Fax:    (503 362-1158
Email: ghiorsolawfirm@hotmail.com

Page 11 – COMPLAINT

William Ghiorso
495 State Street, Suite 500
Salem, OR 97301
Telephone: (503) 362-8966
Fax: (503) 362-1158